UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DESMOND A. FRAZIER,

                              Plaintiff,                **ORDER**
                                                                             24-CV-2198(NJC)(SIL)
   -against-

BRIAN J. STEPHNAN, COACH LEASING INC.,
COACH USA INC., and TRANSPORTATION
MANAGEMENT SERVICES d/b/a LENZNER
COACH LINES,

                              Defendants.
-------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court is Defendants Brian J. Stephnan's ("Stephnan"), Coach Leasing Inc.'s ("Coach Leasing"), Coach USA Inc.'s ("Coach USA"), and Transportation Management Services d/b/a Lenzner Coach Lines' ("Transportation Management," and, collectively, "Defendants") motion to stay proceedings in this matter as to Stephnan. *See* Docket Entry ("DE") [17]. Plaintiff Desmond Frazier ("Frazier" or "Plaintiff") opposes Defendants' motion. *See* DE [19]. For the reasons set forth herein, as well as those stated on the record at the November 7, 2024 status conference, Defendants' motion to stay is granted.

      This action arises out of a July 27, 2023 motor vehicle accident in Jersey City, New Jersey in which a bus that Stephnan was operating (the "Bus") sideswiped Plaintiff's car, allegedly causing injuries to Plaintiff's shoulder and spine. *See generally* Complaint ("Compl."), DE [1-1]; Defendants' Motion to Stay ("Defs.' Mot."), DE [17], at 1. It is undisputed that Coach Leasing is the owner and lessor of the Bus

1

and that Transportation Management was a lessee of the Bus.  *See* Answer to Complaint ("Ans."), DE [1-2], at ¶¶ 5, 7.  It is further undisputed that, at the time of the July 27, 2023 accident, Stephnan was operating the Bus within the scope of his employment for Transportation Management.  *Id*. at ¶ 13.

On June 11, 2024, Coach USA and its affiliated debtors and debtors in possession, including Coach Leasing and Transportation Management (collectively, the "Debtor Defendants") filed voluntary petitions for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware.  Defs.' Mot. at 1.  The bankruptcy cases are being jointly administered under lead case number 24-11258 before the Honorable Mary F. Walrath.  *Id*.  Stephnan did not file for bankruptcy relief.  The issue is whether the automatic stay applicable to the Debtor Defendants extends to Stephnan.  It does.

Pursuant to 11 U.S.C. § 362(a)(1), "the filing of a bankruptcy petition automatically stays the commencement or continuation of judicial proceedings against the debtor."  *Stih v. Rockaway Farmers Mkt., Inc.*, 656 B.R. 308, 312 (Bankr. E.D.N.Y. 2024) (citing *E. Refractories Co. Inc. v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir. 1998)).  The purpose of the automatic stay "is to 'provide[] the debtor with a breathing spell from his creditors' and is 'designed to give the debtor time to organize its affairs.'"  *Uto v. Job Site Servs., Inc.*, 444 B.R. 222, 223-24 (Bankr. E.D.N.Y. 2011) (quoting *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986)).

Although the stay does not automatically apply to non-debtor co-defendants, there are exceptions. *See Viahart, LLC v. Creative Kids Online, LLC*, No. 20-CV-9943, 2024 WL 3761704, at *1 (S.D.N.Y. July 3, 2024); *Mardice v. Ebony Media Operations, Inc.*, No. 19-CV-8910, 2021 WL 146358, at *3 (S.D.N.Y. Jan. 15, 2021) ("[C]ourts have applied the automatic stay to non-debtors in cases where 'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'") (quoting *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)). Relevant here, extension of the stay to a non-debtor co-defendant is appropriate where "a judgment against the nondebtor co-defendant 'will in effect be a judgment or finding against the debtor.'" *Mercier v. GMAC Mortgage LLC*, No. 11-CV-1379, 2012 WL 1856443, at *1 (D. Conn. May 21, 2012) (quoting *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987)); *see Tenas-Reynard v. Palermo Taxi, Inc.*, No. 14 Civ. 6974, 2016 WL 1276451, at *6 (S.D.N.Y. Mar. 30, 2016) ("Because it is undisputed that [the corporate defendant] owns the vehicle that [the individual defendant] was driving, [the corporate defendant] will be automatically liable . . . for any injuries that resulted from [the individual defendant's] negligence."); *In re Midway Games, Inc.*, 428 B.R. 327, 334 (Bankr. D. Del. 2010) (holding that the automatic stay "is properly extended to actions against non-debtors where an 'identity of interest' exists between the debtor and non-debtor defendant such that the debtor is the real party defendant and the litigation will directly affect the debtor").

3

Here, it is undisputed that, at the time of the July 27, 2023 accident, Stephnan was operating the Bus with Transportation Management's knowledge, permission, and consent, and within the scope of his employment with Transportation Management. Ans. ¶¶ 11, 13. As a finding of liability against Stephnan may result in an imputation of vicarious liability against his employer, it is appropriate that the automatic stay be extended to Stephnan as well. *See Viahart, LLC*, 2024 WL 3761704, at *1; *Tenas-Reynard*, 2016 WL 1276451, at *6 (extending the automatic stay to a non-debtor defendant where he was operating a vehicle owned by the debtor defendant, and therefore subjected the debtor defendant to liability); *In re Midway Games, Inc.*, 428 B.R. at 335 (extending the automatic stay to individual non-debtor defendants).

Moreover, in jointly administering the Debtor Defendants' bankruptcy cases, Judge Walrath has held that the automatic stay applies to employees of certain joint debtors. In an October 22, 2024 Order, Judge Walrath stayed an action pending in state court in California (the "California Action") ***in its entirety*** despite the presence of two non-debtor individual co-defendants. *See In re Coach USA, Inc.*, No. 24-11258, Docket No. 849 (Bankr. D. Del. Oct. 22, 2024). In the California Action, the plaintiff asserted various discrimination claims against a co-debtor in the jointly administered proceedings as well as two individual non-debtors. DE [20]. Following briefing concerning the scope of the automatic stay, the Bankruptcy Court held that the California Action is stayed in its entirety pursuant to 11 U.S.C. § 362, thereby extending the stay to the individual non-debtor defendants. *Id.* Judge Walrath's

4

holding regarding the scope of the automatic stay is instructive here, and further establishes that application of the stay with respect to Stephnan is appropriate.[1]

Based upon the foregoing, as well as for the reasons stated on the record at the November 7, 2024 status conference, Defendants' motion to stay is granted and the matter is stayed in its entirety.

Dated:    Central Islip, New York       **ORDERED**
          November 12, 2024
                                        s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge

---

[1] Although the court in the California Action (as well as in an action pending in Indiana) instructed the parties to seek clarity from the Bankruptcy Court as to the scope of the automatic stay, *see* DE [20], the Court determines that it would not be an efficient use of the parties' or the Bankruptcy Court's time or resources to request even further clarification in this specific instance.

5